UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DA-QUANE ADAMS, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:19-cv-280 (KAD) |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
|     *Defendants*. | : | July 29, 2019 |

## REVIEW OF AMENDED COMPLAINT (DE#14)

On February 26, 2019, the Plaintiff, Da-Quane Adams, a prisoner currently confined at the MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against the State of Connecticut[1] and three Connecticut Department of Correction ("DOC") medical officials: Dr. Omprakash Pillai, Dr. Syed Naqvi, and Nurse Shanya G. Compl. (DE#1). The Plaintiff claimed that the officials violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his serious medical needs. *Id.* at p.16. This Court issued its Initial Review Order on March 18, 2019 dismissing the claims against Dr. Naqvi and Shayna G. as time-barred and the claim against Dr. Pillai as factually insufficient under 28 U.S.C. § 1915A. Initial Review Order (DE#8) 7-8. The Court granted the Plaintiff one opportunity to amend his claim against Dr. Pillai to satisfy the Eighth Amendment standard for a showing of deliberate indifference to medical needs. *Id.* at 8.

---

[1] The State of Connecticut was terminated as a defendant as the Plaintiff cannot recover damages against the state or state officials in their official capacities under § 1983. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The court does not herein repeat the standard of review or applicable law set forth in the Initial Review Order dated March 18, 2019. In reviewing the Amended Complaint, the court finds that the plaintiff has plausibly alleged a deliberate indifference to medical needs claim under the Eighth Amendment against Dr. Pillai. Accordingly, the court orders as follows:

**Orders**

(1) The Eighth Amendment claim for deliberate indifference to serious medical needs, as stated in the Amended Complaint, may proceed against the Defendant, Dr. Omprakash Pillai, in his individual capacity for damages and in his official capacity for injunctive relief.

(2) The clerk shall prepare a summons form and send an official capacity service packet, including the Amended Complaint (DE#14), to the United States Marshal Service. The U.S. Marshal is directed to effect service of the Amended Complaint on the Defendant in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this Order and file a return of service within **thirty (30) days** from the date of this Order.

(3) The clerk shall verify the current work address for the Defendant with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Amended Complaint to him at the confirmed address within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35) day** after mailing. If the Defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on him, and he

shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The clerk shall mail a courtesy copy of the Amended Complaint and this Order to the DOC Office of Legal Affairs.

(5) The Defendant shall file his response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which the clerk is directed to docket separately.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If the Plaintiff changes his address at any time during the litigation of this

case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of July 2019.

                                                                                                         _/s/_____
                                                                                                          Kari A. Dooley
                                                                                                          United States District Judge